IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-CR-01024 |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES ADAM EARWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

The United States and the defendant, James Adam Earwood, submit the

following proposed jury instructions.

Submitted by:

TIMOTHY T. DUAX                     JAMES ADAM EARWOOD
United States Attorney              Defendant


By: */s/ Ashley L. Corkery*         By: */s/ Jill M. Johnston*


ASHLEY L. CORKERY                   JILL M. JOHNSTON
Assistant U.S. Attorney            Assistant Federal Public Defender
111 Seventh Ave SE, Box 1          222 Third Avenue SE Suite 290
Cedar Rapids, IA 52401             Cedar Rapids, IA 52401
(319) 363-6333                     (319) 363-9540
Ashley.Corkery@usdoj.gov           Jill_Johnston@fd.org


By: */s/ Patrick J. Reinert*        By: */s/ Zachary D. Crowdes*


PATRICK J. REINERT                 ZACHARY D. CROWDES
Assistant U.S. Attorney            Assistant Federal Public Defender
111 Seventh Ave SE, Box 1          222 Third Avenue SE Suite 290
Cedar Rapids, IA 52401             Cedar Rapids, IA 52401
(319) 363-6333                     (319) 363-9540
Pat.Reinert@usdoj.gov              Zach_Crowdes@fd.org

Members of the Jury:

In the next few moments, I am going to give you instructions about this case and about your duties as jurors. I will also give you additional instructions later. Unless I specifically tell you otherwise, all instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

The instructions I am about to give you now are in writing and will be available to you in the jury room.

**JOINT PROPOSED INSTRUCTION NO. 1**

In considering these instructions, attach no importance or significance whatsoever to the order in which they are given.

## JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case, brought against the defendant by the United States government. The charge is set forth in what is called an indictment.

Count One (1) of the Indictment charges: on or about December 17, 2021, in the Northern District of Iowa, the defendant did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance, and the death of D.B. on or about December 19, 2021, resulted from using the heroin and fentanyl that the defendant distributed.

You are instructed that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and he is presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

Thus, the defendant begins the trial with a clean slate, with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome as to each charge only if the government proves during the trial, beyond a reasonable doubt, each element of the charged crime. There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. Accordingly, if the defendant does not testify, that fact must not be considered by you in any way, or even discussed, in arriving at your verdict.

*United States v. Griggs*, 19-CR-2062-CJW

# JOINT PROPOSED INSTRUCTION NO. 3

It will be your duty as jurors to decide from the evidence whether the defendant is guilty or not guilty of the charged crime.   From the evidence, you will decide what the facts are.   You are entitled to consider the evidence in light of your own observations and experiences in the affairs of life.   You may use reason and common sense to draw deductions or conclusions from those facts that have been established by the evidence.   You will then apply those facts to the law that I give you in my instructions.   You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you.   The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the charged crime and not for anything else.

*United States v. Griggs*, 19-CR-2062-CJW
Eighth Circuit Model Criminal Jury Instruction 1.01, 3.02

**JOINT PROPOSED INSTRUCTION NO. 4**

I have mentioned the word "evidence." The "evidence" in this case consists of the following: the testimony of the witnesses, the documents and other things received as exhibits, and the facts that have been stipulated to—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts that are established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

    1.    Statements, arguments, questions, and comments by the lawyers are not evidence.

    2.    Anything that might have been said by jurors, the attorneys, or the judge during the jury selection process is not evidence.

    3.    Objections are not evidence. The parties have a right to object when they believe something is improper. You should not be influenced by objections. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might be.

    4.    Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

    5.    Anything you see or hear about this case outside the courtroom is not evidence.

**(Continued)**

**JOINT PROPOSED INSTRUCTION NO. 4 (Cont'd)**

During the trial, documents and objects may be referred to but not admitted into evidence. In such a case, these items will not be available to you in the jury room during deliberations.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you if this occurs, and I will instruct you on the purposes for which the item can and cannot be used.

Eighth Circuit Model Criminal Jury Instruction 1.03, 3.03
*United States v. Griggs*, 19-CR-2062-CJW

**JOINT PROPOSED INSTRUCTION NO. 5**

There are two types of evidence from which a jury may properly find the truth as to the facts of a case: direct evidence and circumstantial evidence.   Direct evidence is the evidence of the witnesses to a fact or facts of which they have knowledge by means of their senses.   The other is circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.   The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Eighth Circuit Model Criminal Jury Instruction 1.03 (last paragraph)
*United States v. Griggs*, 19-CR-2062-CJW

**JOINT PROPOSED INSTRUCTION NO. 6**

The Government and the defendant may enter into stipulations of fact—that is, they have agreed—to certain facts. If you hear that certain facts are stipulated, you must therefore treat those facts as having been proved.

Eighth Circuit Model Criminal Jury Instruction 2.03 (modified)

**JOINT PROPOSED INSTRUCTION NO. 7**

The jurors are the sole judges of the weight and credibility of the testimony and the value to be given to each witness who testifies in this case. In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to see or hear the things testified about, the witness' memory, any motives that the witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently, and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection, a lapse of memory, or an intentional falsehood, and that may depend on whether the contradiction has to do with an important fact or only a small detail.

If the defendant decides to testify, you should judge his testimony in the same manner as you judge the testimony of any other witness.

Eighth Circuit Model Criminal Jury Instructions 1.05, 3.04 (modified)
*United States v. Griggs*, 19-CR-2062-CJW

## JOINT PROPOSED INSTRUCTION NO. 8

In the previous instruction, I instructed you generally on the credibility of witnesses. I now give you this further instruction on how the credibility of a witness can be "impeached" and how you are to consider the testimony of certain witnesses.

A witness may be discredited or impeached by contradictory evidence; by showing that the witness testified falsely concerning a material matter; by showing that the witness has a motive to be untruthful; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

You may hear evidence that some witnesses were once convicted of a crime. If so, you may use that evidence only to help you decide whether you believe those witnesses and how much weight to give their testimony.

You may hear testimony from certain witnesses who state that they participated in a crime or crimes charged against the defendant. If so, their testimony would be received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may be influenced by their desire to please the government or to strike a good bargain with the government with respect to their own situation will be for you to determine.

Eighth Circuit Model Criminal Jury Instruction 4.05A, 4.05B (modified)
*United States v. Griggs*, 19-CR-2062-CJW

**DEFENDANT'S PROPOSED INSTRUCTION 8A[1]**

You have heard the testimony of law enforcement officers. The fact that a witness may be employed by the federal or local government as a law enforcement officer does not mean that their testimony necessarily deserves more or less weight than that of an ordinary witness.

In fact, the point is that law enforcement officers are ordinary witnesses. You should consider the same questions of bias, stake in the outcome, behavior while testifying, strength of recollection, experience, and logical soundness of his or her testimony that you consider with any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness, and exactly what weight, if any, to give it.

Authority: Sand et al., *Modern Federal Jury Instructions: Criminal,* Instruction No. 7-16 (1996); *United States v. Green,* Criminal No. 92-32 (S.D. Iowa 1992).

---

1 The United States suggests this instruction is unnecessary, as the general credibility instruction (Instruction 8) adequately covers the topic of credibility.

**JOINT PROPOSED INSTRUCTION NO. 9**

You may hear testimony that the defendant made a statement to law enforcement.   It is for you to decide:

*First*, whether the defendant made the statement, and

*Second*, if so, how much weight you should give to it.

In making these two decisions, you should consider all of the evidence, including the circumstances under which the statement may have been made.

*United States v. Griggs*, 19-CR-2062-CJW

**JOINT PROPOSED INSTRUCTION NO. 10**

You may hear testimony from witnesses who may be knowledgeable in a field because of their education, experience, or both. They are permitted to give their opinions on matters in that field and the reasons for their opinions.

You may accept or reject the testimony of witnesses who may be knowledgeable in a field just like any other testimony. After considering such a witness' education and experience, the reasons given for the opinion, and all the other evidence in the case, you may give that witness' testimony whatever weight, if any, you think it deserves.

Eighth Circuit Model Instruction 4.10 (modified)
*United States v. Griggs*, 19-CR-2062-CJW

**JOINT PROPOSED INSTRUCTION NO. 11**

Exhibits will be admitted into evidence and are to be considered along with all of the other evidence to assist you in reaching your verdict. During your deliberations, you are not to tamper with the exhibits or their contents, and you should leave the exhibits in the jury room in the same condition as they were received by you.

*United States v. Griggs*, 19-CR-2062-CJW

## JOINT PROPOSED INSTRUCTION NO. 12

You may hear evidence that the defendant previously possessed or distributed drugs. You may consider such evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find that this evidence has been proved, then you may consider it to help you decide whether the defendant was the person who distributed the heroin and fentanyl on December 17, 2021, or whether his actions were a product of mistake or accident. You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed similar acts on other occasions in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed a similar act in the past. The defendant is on trial only for the charged crime, and you may consider the evidence of prior or future acts only on the issues stated above.

Eighth Circuit Model Instruction 2.08
*United States v. Griggs*, 19-CR-2062-CJW (modified)

**GOVERNMENT PROPOSED INSTRUCTION NO. 13**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Eighth Circuit Model Instruction 3.11
*United States v. Griggs*, 19-CR-2062-CJW

## DEFENSE PROPOSED INSTRUCTION 13[2]

A reasonable doubt is a doubt based upon reason and common sense.

· A reasonable doubt may arise from evidence produced by the prosecution or the defendant, keeping in mind that the defendant never, ever has the burden or duty to call any witnesses or to produce any evidence.

· A reasonable doubt may also arise from the prosecution's lack of evidence. The prosecution must prove the defendant's guilt beyond a reasonable doubt.

· Proof beyond a reasonable doubt requires careful and impartial consideration of all of the evidence in the case before making a decision.

· Proof beyond a reasonable doubt is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.

· Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.

The prosecution's burden is heavy, but it does not require proof beyond all doubt.

Authority:   *United States v. Daniel Jackson*, CR16-2057-LTS

---

2 The United States suggests the Reasonable Doubt Instruction as proposed by the United States, which has been previously given by this Court, is an accurate statement of the law.   The absence of "mere speculation" from defendant's proposed instruction may viewed as changing the burden of proof and allow speculation to be a reasonable doubt.

**GOVERNMENT PROPOSED INSTRUCTION NO. 14**

The crime of distribution of a controlled substance, as charged in Count 1 of the Indictment, has two elements, which are:

*One*, on or about December 17, 2021, in the Northern District of Iowa, the defendant intentionally transferred heroin and fentanyl to D.B.; and

*Two*, at the time of the transfer, the defendant knew that the substance transferred was a controlled substance.

It is not necessary that the government prove the defendant knew the mixture or substance was heroin and fentanyl, as long as the government proves that the defendant knew that the substance was some type of controlled substance.

For you to find the defendant guilty of this crime, the government must prove both elements beyond a reasonable doubt. Otherwise, you must find the defendant not guilty of the crime charged under this count.

Eighth Circuit Model Criminal Jury Instruction 6.21.841C (modified/partial)
*United States v. Griggs*, 19-CR-2062-CJW

# DEFENSE PROPOSED INSTRUCTIONS 14[3]

The crime of distribution of heroin and fentanyl resulting in death, as charged in Count 1 of the Indictment, has three elements, which are:

One, the defendant intentionally distributed heroin and fentanyl to D.B.;

Two, at the time of the distribution, the defendant knew that it was a controlled substance; and

Three, D.B. would not have died but for his use of that same heroin and fentanyl distributed to him by the defendant.

The government must prove that death resulted from the unlawfully distributed heroin and fentanyl, not merely from a combination of factors to which drug use merely contributed.

For you to find defendant guilty of this crime, the government must prove all of these elements beyond a reasonable doubt as to the defendant; otherwise you must find the defendant not guilty of this crime.

Authority:   8th Cir. Model Criminal Instruction 6.21.841C (modified)

*United States v. Burrage*, 134 S. Ct. 881, 891 (2014).

---

3 This formatting of the instruction was proposed in *U.S. v. Griggs* and was rejected by this Court. The Eighth Circuit affirmed the instructions (and use of a special verdict form in lieu of a lesser included offense for non-death) as proposed by the United States in this case.   *See United States v. Griggs*, 54 F.4th 531, 537 (8th Cir. 2022).

## GOVERNMENT PROPOSED INSTRUCTION NO. 15

If you find the defendant guilty of distributing heroin and fentanyl, as alleged in Count 1, you must determine, beyond a reasonable doubt, whether use of the controlled substance you have found the defendant distributed resulted in the death of D.B. In deciding whether use of the controlled substance defendant distributed resulted in death, you are instructed that the government must prove, beyond a reasonable doubt, that the use of the particular substance was either a "but for" cause or "independently sufficient" cause of death. The government need not prove both alternatives; either is sufficient.

### "But-For" Cause

To find a particular drug was a "but for" cause of death, you must unanimously and beyond a reasonable doubt find that, but for D.B.'s use of that particular drug distributed by defendant, D.B. would not have died.

The following are examples of what it means to say that "but for" some act, a particular result would not have occurred. For example, where A shoots B, who is hit and dies, we can say that A caused B's death, since but for A's conduct, B would not have died. The same thing is true if a person's act combines with other factors to produce the result, so long as the other factors alone would not have produced the result—if, so to speak, the person's act was the straw that broke the camel's back.

### (Continued)

21

Thus, if poison is administered to a man debilitated by multiple diseases, the poison is a but for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.

### "Independently Sufficient" Cause

To find a particular drug distributed by the defendant was an "independently sufficient" cause of death, you must unanimously and beyond a reasonable doubt find that D.B.'s use of that particular controlled substance was sufficient to cause D.B.'s death, regardless of D.B.'s use of any other controlled substances. For example, if you find that D.B. would have died from using heroin or fentanyl alone, regardless of whether D.B. had used any other controlled substance, D.B.'s heroin or fentanyl use would be an independently sufficient cause of death.

The law does not require the government to prove that the defendant intended to cause death. Similarly, the law does not require the government to prove that the defendant knew or should have known that he was exposing D.B. to a risk of death when the defendant transferred the heroin and fentanyl.

Further, the government need not prove that the defendant intentionally transferred the drug directly to D.B., so long as the government proves beyond a reasonable doubt that the drug transferred by the defendant is the same drug that later resulted in the death of D.B.

*United States v. Griggs*, 19-CR-2062-CJW
Eighth Circuit Model Criminal Jury Instruction 6.21.841C (modified)

**DEFENSE PROPOSED INSTRUCTION 15[4]**

If your verdict under Count 1 of the Indictment is not guilty, or if, after all reasonable efforts, you are unable to reach a verdict on Count 1, you should record that decision on the verdict form and go on to consider whether the defendant is guilty of the crime of distribution of heroin and fentanyl under this instruction. The crime of distribution of heroin and fentanyl has two elements, which are:

One, the defendant intentionally transferred heroin and fentanyl to D.B.; and

Two, at the time of the transfer, the defendant knew that the substance transferred was a controlled substance.

For you to find defendant guilty of this crime, the government must prove all of these elements beyond a reasonable doubt as to the defendant; otherwise, you must find the defendant not guilty of this crime.

Authority:    8th Cir. Model Criminal Instruction 3.10

---

4 This formatting of the instruction was proposed in *U.S. v. Griggs* and was rejected by this Court. The Eighth Circuit affirmed the instructions (and use of a special verdict form in lieu of a lesser included offense for non-death) as proposed by the United States in this case.    *See United States v. Griggs*, 54 F.4th 531, 537 (8th Cir. 2022).

**JOINT PROPOSED INSTRUCTION NO. 16**

The term "distribute" means to deliver a controlled substance to the possession of another person. The term "deliver" means the actual or attempted transfer of a controlled substance to the possession of another person. No consideration for the delivery need exist and it is not necessary that money or anything of value change hands. The law is concerned with the act of distribution of a controlled substance and does not concern itself with any need for a "sale" to occur.

*United States v. Griggs*, 19-CR-2062-CJW

**GOVERNMENT PROPOSED INSTRUCTION NO. 17**

The government is not required to prove that the defendant knew that his acts or omissions were unlawful. An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident.

Knowledge may be proved like anything else. You may consider any acts done or statements made by the defendant in connection with the offense, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge.

*United States v. Griggs*, 19-CR-2062-CJW
Eighth Circuit Model Criminal Jury Instruction 7.05

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17[5]**

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

<u>Authority</u>:   8th Circuit Model Instruction 7 .05

---

[5] Although defendant's proposed instruction is an accurate statement of the law, the charges in this matter are not specific intent crimes.   It is a distribution offense that resulted in death.   Defendant need not intend the death to be culpable for the crime.   Insertion of intent may tend to confuse the jury.

**JOINT PROPOSED INSTRUCTION NO. 18**

You will note that the indictment charges that the offense was committed "on or about" certain dates. The government need not prove with certainty the exact date or the exact time period of the charged offense. It is sufficient if the evidence establishes that the offense occurred within a reasonable time of the date or period of time alleged in the indictment.

*United States v. Griggs*, 19-CR-2062-CJW

## JOINT PROPOSED INSTRUCTION NO. 19

You are instructed as a matter of law that heroin is a Schedule I controlled substance and fentanyl is a Schedule II controlled substance.   You must ascertain whether or not the mixture or substance in question was heroin and/or fentanyl. In so doing, you may consider all the evidence in the case which may aid in the determination of that issue.

*United States v. Griggs*, 19-CR-2062-CJW

**GOVERNMENT PROPOSED INSTRUCTION NO. 20[6]**

Intent may be proven by circumstantial evidence.   It rarely can be established by other means.   Although witnesses may see or hear and thus be able to give direct evidence of what a person does or fails to do, there can be no eyewitness account of the state of mind with which the acts were done or omitted. But what a defendant does or fails to do may indicate intent or lack of intent to commit an offense.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done, but you are not required to do so.   As I have said, it is entirely up to you to decide what facts to find from the evidence.

*United States v. Griggs*, 19-CR-2062-CJW

---

**JOINT PROPOSED INSTRUCTION NO. 21**

At the end of trial, you must make your decisions based on what you recall of the evidence. You will not have a written transcript to consult. Therefore, you must pay close attention to the testimony as it is given.

If you wish, you may take notes during the presentation of evidence to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witnesses.

During deliberations, in any conflict between your notes, a fellow juror's notes, and your memory, your memory must prevail. Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was.

Before we begin the evidence, we will give each juror an envelope with a pad and pen in it. The envelopes are numbered according to your seat in the jury box. When you leave for breaks or at night, please put your pad and pen in the envelope and leave the envelope on your chair. Your notes will be secured, and they will not be read by anyone. At the end of trial and your deliberations, your notes should be left in the jury room for destruction.

Eighth Circuit Model Criminal Jury Instruction 1.06A (modified and expanded)
*United States v. Griggs*, 19-CR-2062-CJW

**JOINT PROPOSED INSTRUCTION NO. 22**

During the trial, it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference while the jury is present in the courtroom or by calling a recess. If a bench conference is held in the courtroom, we will switch on what we refer to as "white noise" so that the jurors cannot hear what is being said by the lawyers and me. While the bench conferences are being conducted, you should feel free to stand and stretch and visit among yourselves about anything except the case.

Eighth Circuit Model Criminal Jury Instruction 1.07 (modified)

## JOINT PROPOSED INSTRUCTION NO. 23

During the course of the trial, to ensure fairness, you as jurors must obey the following rules.

*First*, do not talk amongst yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, do not use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog or website such as Facebook, YouTube, or Twitter, to communicate to anyone any information about this case, or your opinions concerning it, until the trial has ended and you have been discharged as jurors.

*Fourth*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdict has been accepted by me.   If someone should try to talk with you about the case during the trial, please report it to me through the Court Security Officer.

**(Continued)**

*Fifth*, during the trial, you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them.   It is important not only that you do justice in this case, but that you also give the appearance of doing justice.   If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.   If any lawyer, party, or witness does not speak to you when you pass in the hall or the like, it is because they are not supposed to talk or visit with you.

*Sixth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case, or about anyone involved with it.   In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and you avoid listening to any TV or radio newscasts at all.   I do not know whether there might be any news reports of this case, but, if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it.   If you want, you can have your significant other or a friend clip out any stories and set them aside to give you after the trial is over.   I can assure you, however, that by the time you have heard the evidence in this case you will know more about the matter than anyone will learn through the news media.

**(Continued)**

**INSTRUCTION NO. 23 (Cont'd)**

*Seventh*, do not do any research or make any investigation about the case on your own. Do not consult any reference materials such as the Internet, books, magazines, dictionaries, or encyclopedias. Do not contact anyone to ask them questions about issues that may arise in this case. Remember you are not permitted to talk to anyone (except your fellow jurors) about this case or anyone involved with it until the trial has ended and I have discharged you as jurors.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*United States v. Griggs*, 19-CR-2062-CJW

**JOINT PROPOSED INSTRUCTION NO. 24**

The trial will proceed in the following manner:

First, the attorney for the government will make an opening statement. Next, the attorney for the defendant may, but does not have to, make an opening statement. An opening statement is not evidence, but it is simply a summary of what the attorneys expect the evidence to be.

The government will then present its evidence, and the attorney for the defendant may cross-examine the government's witnesses. Following the government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses. If the defendant calls witnesses, the attorney for the government may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that, I will instruct you further regarding your deliberations, and you will retire to deliberate on your verdict.

*United States v. Griggs*, 19-CR-2062-CJW

## JOINT PROPOSED INSTRUCTION NO. 25

Members of the Jury:

The instructions I gave you at the beginning of the trial and during the trial remain in effect.   I will now give you some additional instructions before you begin your deliberations.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important.   This is true even though the instructions I gave you at the beginning of and during trial are not repeated here.

*United States v. Griggs*, 19-CR-2062-CJW

## JOINT PROPOSED INSTRUCTION NO. 26

In conducting your deliberations and returning your verdict, there are certain rules you must follow.   I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.   That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.   You should try to reach agreement if you can do so without violence to individual judgment because your verdicts—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decisions, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.   But you must not come to a decision simply because other jurors think it is right or simply to reach your verdict.

*Third*, if you find the defendant guilty, the sentence to be imposed is my responsibility.   You may not consider punishment in any way when deciding whether the government has proved its case beyond a reasonable doubt.

**(Continued)**

**INSTRUCTION NO. 26 (Cont'd)**

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. Your verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Eighth Circuit Model Criminal Jury Instruction 3.12
*United States v. Griggs*, 19-CR-2062-CJW

## JOINT PROPOSED INSTRUCTION NO. 27

Attached to these instructions you will find the Verdict Form and Interrogatory Form. The Verdict Form and Interrogatory Form are simply the written notices of the decisions that you will reach in this case. The answers to the Verdict Form and Interrogatory Form must be the unanimous decision of the jury.

You will take the Verdict Form and Interrogatory Form to the jury room, and when you have completed your deliberations and each of you has agreed to the answers to the Verdict Form and Interrogatory Form, your foreperson will fill out the Verdict Form and Interrogatory Form, sign and date them, and advise the Court Security Officer that you are ready to return to the courtroom. Your foreperson should place the signed Verdict Form and Interrogatory Form in the blue folder, which the Court will provide you. Then, your foreperson will bring the blue folder when returning to the courtroom.

Finally, members of the jury, take this case and give it your most careful consideration, and then without fear or favor, prejudice or bias of any kind, return the Verdict Form and Interrogatory Form in accord with the evidence and these instructions.

_____          _____
Date                                                      C.J. Williams, Judge
                                                              United States District Court
                                                              Northern District of Iowa

**JOINT PROPOSED VERDICT FORM**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-CR-01024 |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES ADAM EARWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

We, the Jury, unanimously find the defendant, JAMES ADAM EARWOOD,

_____ of the crime of distribution of a controlled substance as
Not Guilty/Guilty

charged in Count 1 of the Indictment.

Note: If you unanimously find the defendant not guilty of Count 1, have your

foreperson write "not guilty" in the above blank space, and sign and date this Verdict

Form.   If you unanimously and beyond a reasonable doubt find the defendant guilty

of Count 1, have your foreperson write "guilty" in the above blank space and sign and

date this Verdict Form.   Then, go on to answer the Interrogatory Form.


_____                     _____

FOREPERSON                                              DATE

# JOINT PROPOSED INTERROGATORY FORM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22-CR-01024 |
| vs. | ) | |
| | ) | |
| JAMES ADAM EARWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

If you found the defendant guilty of the crime charged in Count 1 of the Indictment, please answer the following questions, then have your foreperson sign and date this Interrogatory Form.

If you found the defendant not guilty of the crime charged in Count 1 of the Indictment, do not answer the following questions contained in this Interrogatory Form.

**Interrogatory Question No. 1:** We, the Jury, unanimously find that the death of D.B. resulted from use of a controlled substance distributed by the defendant.

\_\_\_\_\_ Yes

\_\_\_\_\_ No

_____        _____
FOREPERSON                                                    DATE